IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MOHAMED BEN ABDALLAH<br><br>    Plaintiff,<br><br><br><br>vs.<br><br><br>PALMER CHRISTIANSEN COMPANY, INC.,<br><br>    Defendant. | ORDER DENYING MOTION TO CORRECT SCHEDULING ORDER, DIRECTING TRIAL BY JURY AS SCHEDULED, AND DENYING FORMAL REQUEST FOR JURY TRIAL AND MOTION TO STRIKE FORMAL REQUEST FOR JURY TRIAL AS MOOT<br><br><br><br><br>Case No. 2:06-CV-00980 PGC |

      This Title VII action is before the court on defendant Palmer Christiansen Company, Inc.'s Motion to Correct Scheduling Order. Palmer asserts that plaintiff Mohamed Ben Abdallah did not request a jury trial in accord with Rule 38 of the Federal Rules of Civil Procedure and therefore maintains that the five-day jury trial scheduled to begin on February 25, 2008 should be stricken. In response, Mr. Abdallah filed a Formal Request for a Jury Trial and opposed the motion to correct, noting that he sought a jury trial in his Verified Complaint. Palmer moves to strike the Formal Request for a Jury Trial, asserting that it is untimely under Rule 38.

Rule 38 provides that a party may demand a jury trial " by . . . serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue . . . ."[1] The rule further provides, however, that such demand "may be indorsed" upon a party's pleading.[2]

Both of Mr. Abdallah's claims in his Verified Complaint state that the he is entitled to damages "to be determined at a jury trial in this matter." Mr. Abdallah could have made a more obvious jury demand, by for example placing the demand in the caption or in a separate part of the Verified Complaint.  Alternatively, he could have made the demand in a separate document. The court concludes, however, that Verified Complaint is sufficient to preserve Mr. Abdallah's right to a jury trial..[3]

Accordingly, the court HEREBY ORDERS that Palmer's Motion to Correct Scheduling Order is denied (#10).  The court FURTHER ORDERS that the five-day jury trial scheduled to

---

[1] Fed. R. Civ. P. 38(b).

[2] *Id.*

[3] *See Metzger v. Leawood City*, 144 F. Supp. 2d 1225, 1263-64 (D. Kan. 2001) (concluding jury demand incorporated in prayer for relief was sufficient to preserve right to jury trial).

begin on February 25, 2008 shall remain in place.  Mr. Abdallah's Formal Request for a Jury Trial (#12) and Palmer's Motion to Strike (#13) the same are DENIED AS MOOT.

    SO ORDERED.

    DATED this  1th day of March, 2007.

                  BY THE COURT:

                  _____
                  Paul G. Cassell
                  United States District Judge